ROACH, STANSELL & CRANE v. GREEN et al.

(Court of Civil Appeals of Texas. San Antonio. Feb. 11, 1914. Rehearing Denied March 11, 1914.)

CONTRACTS (§ 16*) — BREACH — RIGHT OF ACTION.

Where plaintiff, who was employed by defendants to work with his teams on an irrigation canal, knew, when he took his teams to the place of work without defendants' request, that the right of way had not been secured, and was told by defendants to see the irrigation company, for which defendants were constructing the canal, and defendants' only promise as to giving plaintiff work was to give him work in two days if the right of way was not obtained, which promise was not renewed, and plaintiff was not asked to remain after such two days, plaintiff was not entitled to damages for being kept from working because of failure to procure the right of way.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 71–92; Dec. Dig. § 16.*]

Appeal from Medina County Court; H. E. Haass, Judge.

Action by C. N. Green against Roach, Stansell & Crane, in which defendants set up a cross-action against the Medina Valley Irrigation Company. From a judgment for plaintiff against the original defendants, and in favor of the Irrigation Company, such defendants appeal. Judgment as to Irrigation Company affirmed, and judgment for plaintiff reversed and rendered.

P. H. Swearingen, of San Antonio, for appellants. V. H. Blocker, of Hondo, Wm. Aubrey and Duval West, both of San Antonio, and De Montel & Fly, of Hondo, for appellees.

FLY, C. J. This is a suit for damages instituted by C. N. Green against appellants, the cause of action being based on the allegation that appellants had employed him to work on the irrigation canal of the Medina Irrigation Company, and that he had moved his teams and outfit to the place where the work was to be performed and offered to perform the work, but could not do so because the right of way had not been procured, and that he held his teams at said place for 21 days upon the constant assurance of appellants that the right of way would be pro-

cured. Appellants defended on the ground that Green could have prevented the damages by obtaining other work, pleaded a release from Green, and set up a cross-action against the Medina Valley Irrigation Company, formerly the Medina Irrigation Company, alleging that they had made a contract with that company to build the canal, and that the company had agreed to furnish the right of way, but had failed so to do, and they prayed for judgment over against the Irrigation Company for any sum that might be recovered by Green. A trial by jury resulted in a verdict and judgment in favor of Green against appellants for $840, and in favor of the Irrigation Company as to appellants' demand.

The grounds of recovery alleged in the petition were that appellant employed Green to perform work on the irrigation canal; that he took his teams to the place where the work was to be performed; that appellants "informed and caused plaintiff to believe that he could begin work on said canal, as stipulated in their contract, at once, and that the engineers of said Irrigation Company had secured the right of way, located and staked out the bounds of said canal, when in fact and in truth said right of way and the bounds of said canal had not then been secured or obtained, nor thereafter up to said date of June 13, 1912, by said Irrigation Company." The evidence of Green shows that when he took his teams to the place where the canal was to be dug he knew that the right of way had not been obtained, and when he inquired of appellants about it they told him to go to the Irrigation Company about it. Crane, one of the appellants, with whom Green had all his dealings, did not tell Green to move to the place. There was no promise upon the part of appellants to give work to Green, except to give it in two days if the right of way was not obtained, and that was not renewed, so as to keep Green idle after that time. No inducement was held out to Green to stay after the expiration of the two days. Green admitted this. Green knew the condition of affairs as well as appellants. He knew that the right of way had not been obtained, and knew that appellants could not obtain it. They did not tell Green to remain. There was a total failure to make out a case, and a verdict should have been instructed for appellants.

The judgment as to the Irrigation Company is affirmed, but the judgment in favor of C. N. Green, as against appellants, is reversed, and judgment here rendered that he take nothing by his suit, and pay all costs of this court and the lower court.

Affirmed in part, and reversed and rendered in part.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes